**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| RONNIE E. RANDOLPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-32 NAB |
| | ) | |
| ROBERT GRIFFIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is a document titled "complaint in chief," filed by plaintiff in this closed prisoner civil rights action. The Court interprets plaintiff's "complaint in chief" as a motion to reopen his case. The motion will be denied.

Plaintiff filed this action on January 6, 2012, alleging violations of his civil rights in relation to an arrest that occurred in 1981. The defendants in this action were the arresting officers, Robert Griffin and George Bender, as well as Alan Atwood, the interpreter who was present during questioning. Plaintiff alleged in his complaint that "it was due to coercion that he signed a waiver of his Miranda rights at the police station in addition to a pre-written statement that was not true. Plaintiff asserted that it was because of his hearing impairment that he did not understand the defendants' "coercive and misleading tactics," and that had he been given an interpreter before any process was under way none of his rights would have been violated.

On January 19, 2012, the Court dismissed plaintiff's claim as time-barred under Missouri's five-year statute of limitations. The Court noted, alternatively, that the matter was also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff chose not to appeal the Court's decision.

In his "complaint in chief," plaintiff asserts that there is a video recording of his questioning after his arrest which should show coercion or a violation of his rights by defendants. Plaintiff seeks an order from the Court to reopen the present matter and allow him to bring an action against defendants for their actions.

The Court must deny plaintiff's request to reopen the present matter. His action against defendants is still time-barred, as well as *Heck*-barred.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "complaint in chief" interpreted as a motion to reopen this matter [Doc. #14] is **DENIED**.

Dated this 15th day of September, 2017.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE