UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE E. RANDOLPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-32-NAB |
| ) | |
| ROBERT GRIFFIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's post-dismissal correspondence in this matter. Plaintiff filed two letters with the Court seeking assistance with review of his criminal arrest, which occurred in 1981. [ECF Nos. 17 and 18]. The Court interprets plaintiff's motions as requests to reopen this closed action, as well as requests for appointment of counsel and for an interpreter.

Plaintiff, a hearing-impaired individual, filed this action on January 6, 2012, alleging violations of his civil rights in relation to his 1981 arrest. The defendants in this action were the arresting officers, Robert Griffin and George Bender, as well as Alan Atwood, the interpreter who was present during questioning. Plaintiff alleged in his complaint that it was due to coercion that he signed a waiver of his Miranda rights at the police station in addition to a pre-written statement that was not true. Plaintiff asserted that it was because of his hearing impairment that he did not understand the defendants' "coercive and misleading tactics," and that had he been given an interpreter before any process was under way, none of his rights would have been violated. On January 19, 2012, the Court dismissed plaintiff's claim as time-barred under Missouri's five-year statute of limitations. The Court noted, alternatively, that the matter was also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff chose not to appeal the Court's decision.

In plaintiff's June 23, 2021 correspondence, he seeks to overturn his conviction arguing that the video of his interrogation with the police detectives should have been shown at his jury trial instead of using the transcript of his "signed" confession. Plaintiff also requests "assistance" to help him in pursuing his case.

In plaintiff's October 7, 2022 correspondence, plaintiff requests the use of an interpreter for "hearings, meetings, etc." Plaintiff further argues for reopening this matter. He insists that defendants Griffin and Bender failed to allow him sufficient time during his interrogation in 1981 to read all the documents placed in front of him. He states that he signed a confession without understanding what it meant.

The Court must deny plaintiff's requests to reopen the present matter. His action against defendants is still time-barred, as well as *Heck*-barred. To the extent plaintiff is requesting counsel and an interpreter in pursuing his case against defendants, the Court will deny plaintiff's requests as moot.  Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's requests to reopen the present matter [ECF Nos. 17 and 18] are **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's requests for an interpreter and for appointment of counsel [ECF Nos 17 and 18] are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk shall not accept any additional filings from plaintiff in this closed action.

**IT IS FURTHER ORDERED** that an appeal of this Order shall not be taken in good faith.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of October, 2022.